MATTER OF V——

In SECTION 245 Proceedings

A–11370672

*Decided by Assistant Commissioner November 24, 1959*

Adjustment of status—Section 245 of 1952 act—Failure to present documents at time of admission as member of armed forces not considered unforeseen emergency for purpose of *nunc pro tunc* waiver under section 212(d)(4)(A) of act.

(1) Alien's arrival as member of United States Armed Forces without entry documents and without presenting himself for inspection did not constitute lawful admission as *bona fide* nonimmigrant qualifying him for adjustment of status under section 245 of the 1952 act.

(2) Where applicant in 1953 voluntarily enlisted in the United States Navy in the Philippines, could reasonably have expected to be sent to this country for training or duty, and had ample opportunity to obtain documents, his failure to present documents upon arrival in 1956 cannot be considered to have been the result of unforeseen emergency so as to warrant a *nunc pro tunc* documentary waiver under section 212(d)(4)(A) of the 1952 act.

### BEFORE THE ASSISTANT COMMISSIONER

**Discussion:** This case has been certified to the Central Office by the Regional Commissioner at St. Paul, Minnesota.

The applicant is a 27-year-old male, a native and citizen of the Philippines. He enlisted in the United States Navy in the Philippines August 21, 1953. His last entry into the United States occurred on October 26, 1956, on the U. S. Naval Vessel *Navarro* at San Siego, California, as a member of the United States Navy. He married a citizen of the United States July 16, 1957, thereby becoming eligible for a nonquota immigrant visa. He was honorably discharged from the Navy August 1, 1957.

On September 24, 1958, the applicant applied for adjustment of status to that of a permanent resident under section 245 of the Immigration and Nationality Act, as amended. Eligibility in all other respects having been established by the applicant, the only question presented for determination is whether he may be regarded as having been admitted to the United States as a *bona fide* nonimmigrant at the time of his entry, described above, on October 26, 1956.

Section 284 of the Immigration and Nationality Act provides that

an alien member of the Armed Forces of the United States is not subject to inspection when entering the United States under military orders, but nothing in that section gives or confers upon such alien any other privilege, right, benefit, exemption or immunity which is not specifically granted by the Act. When in possession of appropriate documents, however, such an alien may present himself for inspection at the time of entry, and if found admissible, his admission may be recorded in the usual manner. If applying as a nonimmigrant, he may be admitted as a visitor for business for the duration of his military service. The applicant had no entry documents and did not present himself for inspection at the time he arrived in the United States on October 26, 1956. Consequently, there is no record of his lawful admission at any time.

Even though he had no entry documents, he could have presented himself for inspection at the time of his arrival, and, if found otherwise admissible, he could have requested a waiver of the passport and nonimmigrant visa requirements as provided for in section 212 (d)(4)(A) of the Immigration and Nationality Act. However, under that provision of law he would have been required to establish that his failure to present the required documents resulted from an unforeseen emergency. If the waiver were granted, a record could have been made of the applicant's admission as a nonimmigrant.

The district director has utilized that procedure in this application. The applicant was examined and was found admissible as a nonimmigrant as of the date of arrival in the United States. He filed an application for a *nunc pro tunc* waiver of the passport and nonimmigrant visa requirements under the provisions of section 212 (d)(4)(A) of the 1952 act. The waiver was granted and the applicant was considered to have been lawfully admitted as a *bona fide* nonimmigrant on October 26, 1956. On the basis of that presumptive lawful admission as a nonimmigrant, the application for status as a permanent resident in the United States was approved and the case came forward on certification.

In order for such a procedure to stand, it must be found that th applicant's failure to present a valid passport and a valid non immigrant visa at the time of his arrival on October 26, 1956, wa the result of an unforeseen emergency. The facts in this case d not sustain such a finding. The applicant voluntarily enlisted i the United States Navy in the Philippines. In the normal course events he could reasonably expect to be sent to the United Stat for such training or duty as might be required in line with l duties in the Armed Forces. He had ample opportunity, in a vance, to secure the necessary documents. He has not establish that his failure to have the required documents at the time he rived in the United States was the result of emergent circumstan

486

which he could not have foreseen. Since his failure to present the necessary documents cannot be held to be the result of an unforeseen emergency, the record of lawful admission as a nonimmigrant created on that basis will be set aside.

Since the applicant was not lawfully admitted into the United States as a *bona fide* nonimmigrant at the time of his entry on October 26, 1956, the application will be denied.

**Order:** It is ordered that the application be denied on the ground that the applicant was not lawfully admitted into the United States as a *bona fide* nonimmigrant.